# EXHIBIT B

**REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**

PO Box 34176
Washington, DC 20043
(202) 795-9300 • www.rcfp.org

**PRESIDENT**
Bruce D. Brown

**STEERING COMMITTEE CHAIR**
STEPHEN J. ADLER

**VICE CHAIR**
MARGARET LOW
WBUR

**SECRETARY-TREASURER**
MASSIMO CALABRESI
The New York Times

**EXECUTIVE COMMITTEE MEMBERS**
DAVID BOARDMAN
Temple University
THEODORE J. BOUTROUS, JR.
Gibson, Dunn & Crutcher LLP
GAIL GOVE
NBCUniversal
LAURA HANDMAN
Davis Wright Tremaine
DIEGO IBARGÜEN
Hearst
THOMAS C. RUBIN
OpenAI

**STEERING COMMITTEE MEMBERS**
MARTY BARON
Ret., The Washington Post
WOLF BLITZER
CNN
SEWELL CHAN
USC Annenberg
LYNETTE CLEMETSON
University of Michigan
JASON CONTI
Dow Jones
NIKHIL DEOGUN
Brunswick Group
MANNY GARCIA
Freelance Journalist
EMILIO GARCIA-RUIZ
The San Francisco Chronicle
JOSH GERSTEIN
POLITICO
ALEX GIBNEY
Jigsaw Productions
JAMES GRIMALDI
National Catholic Reporter
KAREN KAISER
The Associated Press
KIMBRIELL KELLY
Chicago Public Media
ALEX MACCALLUM
CNN
MATT MURRAY
The Washington Post
NORMAN PEARLSTINE
New York, New York
CHARLIE SAVAGE
The New York Times
NABIHA SYED
Mozilla
ADAM SYMSON
The E.W. Scripps Company
MATT THOMPSON
The New York Times
VICKIE WALTON-JAMES
NPR

*Affiliations appear only for purposes of identification.*

By email                                                    September 22, 2025

Sean Parnell
Assistant to the Secretary of War for Public Affairs
1400 Defense Pentagon
Washington, D.C. 20301-1400

Re:    Implementation of New Media In-Brief.

Dear Mr. Parnell:

The Reporters Committee for Freedom of the Press writes regarding your memorandum dated September 18 to senior Pentagon leadership, which implements a new in-brief form for journalists who hold a Pentagon Facility Alternate Credential (PFAC). We see many ambiguities in the language of the in-brief form that would make it difficult – if not impossible – for news organizations to decide whether to sign the form. We urge the Department to pause implementation of the in-brief process until all of its ambiguous terms are clarified and respectfully request a meeting with Pentagon leadership to discuss these issues.

The Reporters Committee is the nation's largest non-profit providing free legal services for journalists and news organizations across the country. Reporters Committee attorneys frequently represent coalitions of major news organizations in matters involving reporters' access to government facilities, such as the Pentagon.

While these are illustrative, not exhaustive, of the many concerns we have heard, we note three questions relating to the "Pentagon Reservation In-Brief for Media Members," as circulated on September 19 with your implementation memorandum to Pentagon leadership. These questions arise from discussions the Reporters Committee has had with leading news organizations with Pentagon credentials seeking clarity about the meaning of the in-brief and its implications for their journalists.

First, the section of the in-brief entitled "Public Release of DoW Information and the Protection of Classified National Security Information and Controlled Unclassified Information" does not make clear whether those paragraphs describe the policies governing Pentagon personnel or purport to create obligations for reporters who hold a PFAC. The sentences that read "DoW information must be approved for public release by an appropriate authorizing official before it is released, even if it is unclassified" and that "[u]nauthorized disclosure of CNSI or CUI poses a security risk that could damage the security of the United States" would present grave First Amendment concerns if the in-brief were construed to

require that reporters holding a PFAC agree to such a pre-authorization requirement or endorse such a view.

  Second, the in-brief includes a series of "Acknowledgments" on page nine that the PFAC holder must "agree to abide by," one of which reads: "I acknowledge that such a determination [that a person poses a security or safety risk] may be based on the unauthorized access, attempted unauthorized access, or unauthorized disclosure" of classified national security information or controlled unclassified information.  That sentence can also be read in two ways – that the PFAC holder is acknowledging that he or she will not take those actions, or that the PFAC holder is merely acknowledging that this is the Pentagon's policy.  The former meaning would likewise pose serious First Amendment concerns and would make news reporting by PFAC holders unworkable in practice given the uncertainty over which disclosures could lead to a PFAC revocation.  The latter meaning would not carry those risks to the same extent.  As written, news organizations cannot know which obligations they would be agreeing to.

  Finally, the in-brief does not make clear whether a PFAC holder's disclosure of classified national security information or controlled unclassified information "shall" or "may" – in the Department's discretion – result in the denial or revocation of a PFAC.  If the latter, the in-brief does not explain what standards would guide the Department in deciding whether a particular disclosure might justify denial or revocation.  As with the preceding examples, without that clarity, news organizations cannot understand what they are acknowledging or agreeing to by signing the in-brief.

  We believe that an addendum to the in-brief – or another memo from your office – addressing these and the other ambiguities well in advance of any deadline to apply for renewal of a PFAC is warranted, as is the pause in implementation we suggest above.  We also request a meeting with Pentagon leadership to seek clarity on these and other issues with the new media in-brief as soon as practicable.

  The Reporters Committee's Vice President of Policy Gabe Rottman is at your disposal to help coordinate a meeting and answer any other questions.  He can be reached at grottman@rcfp.org and 202-795-9300.

Sincerely,

Reporters Committee
  for Freedom of the Press

cc: Susan Gough
   Pentagon Press Operations