IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NEW YORK TIMES COMPANY, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>DEPARTMENT OF DEFENSE a/k/a DEPARTMENT OF WAR, et al.<br><br>*Defendants*. | Civil Case No. 25-cv-04218 (PLF) |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
AND DECLARATORY AND PERMANENT INJUNCTIVE RELIEF**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 7(h), Plaintiffs The New York Times Company ("The Times") and Julian E. Barnes ("Barnes"), by and through their undersigned counsel, respectfully move for summary judgment in their favor against Defendants Department of Defense a/k/a Department of War, (the "Department"), Pete Hegseth in his official capacity as Secretary of Defense, and Sean Parnell, in his official capacity as Chief Pentagon Spokesman. Specifically, Plaintiffs respectfully request that this Court declare that the provisions of the policy pertaining to PFACs that was promulgated by the Department on October 6, 2025 in a Memorandum for Senior Pentagon Leadership entitled "Implementation of New Media In-Brief," Administrative Record ("AR") at NYTIMES-DOW-25cv04218-0000001–21 (the "Policy") identified in the attached Proposed Order ("the Challenged Provisions") are unlawful because they violate the First and Fifth Amendments to the United States Constitution on their face and as applied to Plaintiffs and are arbitrary and capricious in violation of the Administrative Procedure Act.  Because the Challenged Provisions are unlawful, Plaintiffs respectfully request that the Court declare that all actions taken by Defendants to implement them are unlawful and that Defendants may not lawfully deny, revoke, suspend, or not renew a Pentagon

Facility Alternate Credential ("PFAC") pursuant to the Challenged Provisions. Because the Challenged Provisions are unlawful under the Administrative Procedure Act, Plaintiffs respectfully request that the Court set aside and vacate those provisions pursuant to 5 U.S.C. § 706(2). And because the Challenged Provisions inflict serious and irreparable injuries on Plaintiffs for which there is no adequate remedy at law and injunctive relief would serve the public interest, Plaintiffs respectfully request that the Court permanently enjoin Defendants and all persons acting in concert with them from implementing or enforcing the Challenged Provisions to deny, suspend, revoke or not renew the PFAC of Barnes or any other person who holds, will hold, or will apply for a PFAC, who is employed by, working on behalf of, or otherwise associated with The Times. Further, because doing so is necessary to restore the status quo that would exist but for the illegal Challenged Provisions, Plaintiffs respectfully request that the Court order Defendants to immediately reinstate the PFACs of Plaintiff Julian E. Barnes and the following journalists with The Times, all of whom held a PFAC as of October 6, 2025: Eric Schmitt, Helene Cooper, Greg Jaffe, John Ismay, Carol Rosenberg, and W.J. Hennigan.

       The grounds for this Motion are fully set forth in the attached Memorandum of Law and supporting declarations and exhibits. A proposed order describing with more particularity the relief sought also is attached.

Dated: January 5, 2026

Respectfully submitted,

*/s/ Theodore J. Boutrous Jr.*
Theodore J. Boutrous Jr., D.C. Bar #420440
Katie Townsend, D.C. Bar #1026115
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520
TBoutrous@gibsondunn.com
KTownsend@gibsondunn.com

Lee R. Crain, D.C. Bar #NY0337
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Phone: 212.351.2454
Facsimile: 212.351.4035
LCrain@gibsondunn.com

Susan M. Pelletier*
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
Phone: 202.955.8500
Facsimile: 202.467.0539
SPelletier@gibsondunn.com

*Attorneys for Plaintiffs*


*\*admitted pro hac vice*