IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NEW YORK TIMES COMPANY, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>DEPARTMENT OF DEFENSE a/k/a DEPARTMENT OF WAR, et al.<br><br><br><br>*Defendants*. | **Civil Case No.** 25-cv-04218 (PLF) |

**[PROPOSED] ORDER**

Upon consideration of the Motion for Summary Judgment filed by Plaintiffs The New York Times Company ("The Times") and Julian E. Barnes ("Barnes"), ECF No. __, the Cross-Motion for Summary Judgment filed by Defendants Department of Defense a/k/a Department of War, (the "Department"), Pete Hegseth in his official capacity as Secretary of Defense, and Sean Parnell, in his official capacity as Chief Pentagon Spokesman, ECF No. __, all memoranda, declarations, and exhibits submitted in support of or in opposition to each motion, and the entire record herein, for the reasons set forth in the accompanying Memorandum Opinion, it is hereby—

**ORDERED** that Plaintiffs' Motion for Summary Judgment, ECF No. __, is **GRANTED**.

It is further **ORDERED** that Defendants' Cross-Motion for Summary Judgment, ECF No. __, is **DENIED**.

It is further **ORDERED** that Defendants shall immediately reinstate the Pentagon Facility Alternate Credentials ("PFAC") of Plaintiff Julian E. Barnes and the following journalists with

The Times, all of whom held a PFAC as of October 6, 2025: Eric Schmitt, Helene Cooper, Greg Jaffe, John Ismay, Carol Rosenberg, and W.J. Hennigan.

It is **DECLARED** that the following provisions (hereinafter, the "Challenged Provisions") of the policy pertaining to PFACs that was promulgated by the Department on October 6, 2025 in a Memorandum for Senior Pentagon Leadership entitled "Implementation of New Media In-Brief," Administrative Record ("AR") at NYTIMES-DOW-25cv04218-0000001-21 (hereinafter, the "Policy") are unlawful because they violate the First and Fifth Amendments to the United States Constitution:

- Paragraph 1 of the "Pentagon Reservation In-Brief for Media Members ("In-Brief")" under the section entitled "General Security."
- The final two paragraphs of the In-Brief section entitled "Public Release of DoW Information and the Protection of Classified National Security Information and Controlled Unclassified Information."
- The final paragraph of the In-Brief section entitled "PFAC Issuance and Renewals."
- The In-Brief section entitled "Security Risks".
- The "Acknowledgment" and the mandate that PFAC holders sign it. AR NYTIMES-DOW-25cv04218-00000014.
- The In-Brief Appendix Paragraph A entitled "Denial Revocation, or Non-Renewal of Pentagon Facility Alternative Credentials" and Paragraph B entitled "Procedures for Denial, Revocation, or Non-Renewal." AR at NYTIMES-DOW-25cv04218-00000015-16.

It is further **DECLARED** that the Department's promulgation of the foregoing Challenged Provisions of the Policy was arbitrary and capricious and therefore unlawful under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A).

It is further **DECLARED** that all actions by Defendants implementing the Challenged Provisions of the Policy are unlawful and that Defendants may not lawfully deny, revoke, suspend or not renew a PFAC pursuant to the Challenged Provisions of the Policy.

It is **ORDERED** that the aforementioned Challenged Provisions of the Policy are hereby **SET ASIDE** and **VACATED** pursuant to the 5 U.S.C. § 706(2).

It is further **ORDERED** that Defendants and all persons acting in concert with them are permanently **ENJOINED** from implementing or enforcing the Challenged Provisions of the Policy to deny, suspend, revoke or not renew the PFAC of Barnes or any other person who holds, will hold, or will apply for a PFAC, who is employed by, working on behalf of, or otherwise associated with The Times.

It is further **ORDERED** that Defendant shall file a status report within five (5) business days of this Order describing the steps taken to ensure compliance with this Order and certifying compliance with its requirements.

It is further **ORDERED** that this Court shall retain jurisdiction to enforce this Order.

**SO ORDERED**.

Dated: _____

                                                _____
                                                Hon. Paul L. Friedman
                                                United States District Judge