**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

THE NEW YORK TIMES COMPANY, *et al.*,

              Plaintiffs,

          v.

DEPARTMENT OF DEFENSE a/k/a/
DEPARTMENT OF WAR, *et al.*,

              Defendants.

Civil Action No. 1:25-cv-04218-PLF

**UNOPPOSED MOTION OF PENTAGON PRESS ASSOCIATION
FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to LCvR 7(o), the Pentagon Press Association (the proposed "*amicus*"), a nonprofit association, respectfully moves, through undersigned counsel, for leave to file a brief as *amicus curiae* in support of Plaintiffs' motion for summary judgment. The proposed *amicus curiae* brief is attached hereto as Exhibit 1, and a proposed order is attached as Exhibit 2. In support of this motion *amicus* further states:

1. This Court has "broad discretion" in determining whether to grant leave to a third party to participate as *amicus curiae*. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Engineers*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). Courts generally grant leave to participate as *amicus* when "the information offered is 'timely and useful.'" *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (citation omitted). Courts in this District will grant an *amicus* leave to file a brief "when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Youming Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008). *Amicus* Pentagon Press

Association has specialized knowledge that will assist the Court in deciding the important First Amendment issues presented by this case.

2.    *Amicus* Pentagon Press Association was founded in 2010 to promote the interests and protect the rights of journalists assigned to report on the U.S. Department of Defense.  It advocates for journalists' access to the Pentagon and military bases domestically and overseas, facilitates communications between reporters and Department officials, and promotes newsgathering on the U.S. military of interest to the American public.  The Pentagon Press Association's members are journalists whose principal journalistic assignments involve the Department of Defense.

3.    *Amicus* has a particular interest in ensuring that the First Amendment protections for its members' newsgathering and reporting are respected.  It submits the attached brief to assist the Court in understanding the long history of reporters working at the Pentagon, the ways that physical access to the Pentagon by professional journalists serves the public interest and the interests of the Defense Department, and to explain the fundamental threat to press freedom posed by the Defense Department's attempt to change how reporters have worked at the Pentagon for over 80 years.

4.    *Amicus*'s proposed brief describes the history of reporters working inside the Pentagon since the building was first constructed in World War II, and the ways that permitting journalists to interact regularly and casually with Department of Defense officials facilitates the development of professional relationships of trust that can be vital to complete and accurate reporting, particularly in times of crisis.  The proposed brief also describes how Defendants have violated the First Amendment rights of members of the Pentagon Press Association by imposing

unreasonable, viewpoint-based restrictions on their First Amendment-protected newsgathering and reporting at the Pentagon.

5.    Pursuant to LCvR 7(m), on January 13, 2026, counsel for *amicus* conferred with counsel for Plaintiffs and counsel for Defendants.  Plaintiffs and Defendants have consented to the filing of this brief.

6.    No party or its counsel had any role in authoring this brief. No person or entity—other than *amicus* and its counsel—contributed money to fund the preparation of this brief.

For all the foregoing reasons, proposed *amicus curiae* Pentagon Press Association respectfully requests that the Court grant its motion for leave to file a brief as *amicus curiae*.

Dated: January 15, 2026                      Respectfully submitted,

                                             /s/ David A. Schulz
                                             David A. Schulz (#459197)
                                             Tobin Raju
                                             MEDIA FREEDOM & INFORMATION
                                                 ACCESS CLINIC
                                             ABRAMS INSTITUTE
                                             YALE LAW SCHOOL [1]
                                             127 Wall Street
                                             New Haven, CT 06520
                                             (212) 850-6103
                                             david.schulzd@yale.edu

                                             *Counsel for Amicus Curiae Pentagon Press Association*

---

[1] Yale Law Students Grace Chisholm, Rick Da, and Taylor Maas contributed significantly to the drafting of this brief.  The views expressed in this brief do not purport to represent the institutional views of Yale Law School, if any.

3