**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NEW YORK TIMES CO., *et al.*,

       *Plaintiffs*,

      v.

DEPARTMENT OF DEFENSE, *et al.*,

       *Defendants*.

No. 1:25-cv-04218 (PLF)

**CONSENT MOTION OF AMERICAN CIVIL LIBERTIES UNION AND AMERICAN
CIVIL LIBERTIES UNION OF THE DISTRICT OF COLUMBIA
FOR LEAVE TO FILE AMICUS CURIAE BRIEF
IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 7(o), the American Civil Liberties Union and the American Civil Liberties Union of the District of Columbia (together, "*amici*") move for leave to file the attached amicus curiae brief in support of Plaintiffs' motion for summary judgment.

The parties consent to this motion.

The American Civil Liberties Union ("ACLU") is a nationwide, nonprofit organization that since 1920 has sought to protect the civil liberties and civil rights of all Americans. The ACLU of the District of Columbia ("ACLU-DC") is the ACLU's Washington, D.C. affiliate. The ACLU and ACLU-DC have frequently appeared in this Court, as counsel to parties or as *amici curiae*, in cases raising significant questions about the meaning of the Constitution, its limitations on government power, and the breadth of rights it grants.

The ACLU and its affiliates have also participated as counsel or *amici curiae* in many consequential First Amendment cases, including those involving suppression of disfavored views. *See, e.g., NRA v. Vullo*, 602 U.S. 175 (2024) (counsel); *Reno v. ACLU*, 521 U.S. 844 (1997)

1

(counsel); *Boos v. Barry*, 485 U.S. 312 (1988) (amicus); *Mahoney v. Babbitt*, 105 F.3d 1452, 1453 (D.C. Cir. 1997) (amicus); *Arab Student Union of Jackson-Reed High School v. District of Columbia*, No. 1:24-cv-1195 (filed Apr. 24, 2024; settled Sept. 9, 2025) (counsel).

*Amici curiae* write to place in historical and global context the challenged policy of affording executive officials unbridled discretion to revoke Pentagon correspondents' press access for receiving, soliciting, or reporting "unauthorized" information. Our Nation's history and other countries' modern trajectories demonstrate the importance of upholding First Amendment protections here. When officials are allowed to demand that press outlets toe the government's line, repression and democratic backsliding often follow. The stakes are particularly high because of the breadth of this Administration's assault on free expression. As *amici* explain, the Administration has attempted to muzzle institutions like the bar, the academy, and the media that are at the heart of civil society. Constant vigilance for our liberties is as critical as ever.

Accordingly, the proposed brief will provide important context for the Court's adjudication of the important First Amendment questions in this case.

Respectfully submitted,

/s/ *Scott Michelman*

Scott Michelman
Arthur B. Spitzer
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF
COLUMBIA
529 14th Street NW, Suite 722
Washington, DC 20045
Tel.: (202) 457-0800
Email:    smichelman@acludc.org
          aspitzer@acludc.org

Ben Wizner
Brian Hauss
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
Email:    bwizner@aclu.org
              bhauss@aclu.org

*Counsel for Amici Curiae*

January 15, 2026