UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NEW YORK TIMES COMPANY, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE, et al.,<br><br>*Defendants*. | Civil Action No. 1:25-cv-04218-DLF |

**DEFENDANTS' RESPONSE TO THE COURT'S MARCH 6, 2026 ORDER**

Pursuant to the Court's oral order on March 6, 2026, Defendants state that any changes to their proposed order would be premature at this time. Defendants maintain that the PFAC Policy is constitutional and not arbitrary and capricious. In all events, without the benefit of the Court's opinion, Defendants cannot meaningfully propose an alternative and appropriate remand order. Defendants therefore request that this Court stay the issuance of a formal order until at least seven days after issuing any opinion on the pending cross-motions for summary judgment. That will allow the parties to review that opinion and, as appropriate, submit a proposed order that aligns with the Court's opinion (while reserving all appellate rights).

As stated at the hearing, Defendants are willing to quickly address issues with the PFAC Policy in line with the Court's opinion, and the Court should accordingly limit any relief to remand, rather than vacatur. ECF 23 at 44-45. For example, if the Court were to conclude the Policy is unconstitutional because it interprets "actively soliciting or encouraging government employees to break the law" as broadly prohibiting journalists' routine questions, this would be an interpretation that Defendants never intended, nor did Plaintiffs' raise this interpretation during

negotiation of the policy. Therefore, Defendants could easily edit the policy for clarity. Similarly, while the policy was designed to offer objective standards, while still allowing officials to exercise discretion in journalists' favor, if the Court determines that allows too much subjectivity in determining whether an individual is a safety or security risk, Defendants could consider ways to clarify the Policy to guard against arbitrary application.

DATED: March 9, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director

*/s/ Michael Bruns*
Michael Bruns
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
michael.bruns@usdoj.gov

*Counsel for Defendants*