## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE NEW YORK TIMES COMPANY, *et al.*,

*Plaintiffs*,

v.

DEPARTMENT OF DEFENSE A/K/A
DEPARTMENT OF WAR, *et al.*,

*Defendants*.

Civil Case No. 25-cv-4218

**PLAINTIFFS' NOTICE OF FILING OF
REVISED PROPOSED ORDER**

Pursuant to the Court's Minute Order dated March 6, 2026 ("Minute Order"), Plaintiffs The New York Times Company ("The Times") and Julian E. Barnes ("Barnes") hereby give notice of the filing of a revised proposed order granting Plaintiffs' Motion for Summary Judgment, ECF No. 10, and denying the Cross-Motion for Summary Judgment filed by Defendants Department of Defense a/k/a Department of War, (the "Department"), Pete Hegseth in his official capacity as Secretary of Defense, and Sean Parnell, in his official capacity as Chief Pentagon Spokesman ("Proposed Order) in the above-captioned action, ECF No. 22.

Plaintiffs' Proposed Order, filed concurrently herewith, includes an attached Addendum A that strikes through, in redline, those portions of the policy pertaining to Pentagon Facility Alternate Credentials ("PFACs") that the Department promulgated on October 6, 2025 in a Memorandum for Senior Pentagon Leadership entitled "Implementation of New Media In-Brief," Joint Appendix ("JA") at NYTIMES-DOW-25cv04218-0000001-21 (the "Policy"), that Plaintiffs contend violate the Administrative Procedure Act and the First and Fifth Amendments to the United States Constitution on their face and as applied to Plaintiffs, including because they vest Department officials with unbridled discretion to immediately suspend, deny, revoke, or not renew the PFAC of any journalist determined by the Department to "pose a security or safety risk to

[Department] personnel or property" based on impermissibly vague, *ad hoc*, and subjective standards that allow for, and indeed invite, arbitrary and discriminatory enforcement based on the content and viewpoint of a journalist's or news organization's First Amendment-protected activity. *See City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750 (1988); *Grayned v. City of Rockford*, 408 U.S. 104 (1972); *Ateba v. Leavitt*, 133 F.4th 114 (D.C. Cir. 2025); *Karem v. Trump*, 960 F.3d 656 (D.C. Cir. 2020); *Sherrill v. Knight*, 569 F.2d 124 (D.C. Cir. 1977).[1]

Contrary to the Court's instruction in its Minute Order that the "parties shall file revised proposed orders of relief," Defendants instead filed a Response to the Court's March 6, 2026 Order, ECF No. 30 (the "Department's Response") reiterating their arguments that the Policy is "constitutional and not arbitrary and capricious" and that the Court should "limit any relief to remand, rather than vacatur." *Id*. at 2. Even setting aside its procedural impropriety, the Department's Response fails on its own terms for the reasons detailed by Plaintiffs in their briefing and at the March 6, 2026 hearing. This Court should follow the "ordinary practice" and vacate the unlawful and unconstitutional provisions of the Policy. *United Steel v. Mine Safety & Health Admin*., 925 F.3d 1279, 1287 (D.C. Cir. 2019). Indeed, that this is not one of the "rare cases" that would justify this Court exercising its discretion to "remand without vacat[ur]," *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 934 F.3d 649, 674 (D.C. Cir. 2019) (citation omitted), is only underscored by Defendants' asserted inability to "meaningfully propose an alternative and appropriate remand order," Dep't Resp. at 1.

---

[1] Although Plaintiffs' Proposed Order vacates only specified provisions of the Policy, it does not reflect Plaintiffs' acceptance of or agreement that any other provision of the Policy is lawful, including, but not limited to, any purported restrictions on the speech of members of the military or Department civilian or contract employees, or the Department's recently enacted physical access restrictions that are reflected in Appendix B of the Policy. Nor is Plaintiffs' Proposed Order intended to limit the right of Plaintiffs or any other member of the press to bring any future legal challenge to any action or policy of the Department relating to the issuance, denial, suspension, revocation, or non-renewal of a PFAC, whether facial or as applied.

Further, this Court should reject Defendants' improper request that the Court "stay the issuance of a formal order until at least seven days after issuing any opinion on the pending cross-motions for summary judgment" to purportedly "allow the parties to review that opinion and, as appropriate, submit a proposed order that aligns with the Court's opinion (while reserving all appellate rights)."   The parties' cross-motions for summary judgment are fully briefed and argued and, as Plaintiffs detailed in their briefing and at the March 6, 2026 hearing, each additional day that Plaintiffs remain without their PFACs and unable to cover the Department from Pentagon grounds inflicts irreparable harm on them and the American public.  No delay in entry of a final ruling in this matter nor any stay of such a ruling is warranted.

WHEREFORE, Plaintiffs respectfully request that Court enter the Proposed Order.

March 9, 2026

Respectfully submitted,

*/s/ Theodore J. Boutrous, Jr.*
Theodore J. Boutrous, Jr.
(D.D.C. Bar No. 420440)
Katie Townsend (D.D.C. Bar No. 1026115)
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
TBoutrous@gibsondunn.com
KTownsend@gibsondunn.com

Gibson, Dunn & Crutcher LLP
Lee R. Crain (D.D.C Bar No. NY0337)
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
LCrain@gibsondunn.com

Susan Pelletier*
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W.
Washington, DC 20036-4504
(202) 955-8500
SPelletier@gibsondunn.com
*Pro hac vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system, which will serve a copy of the same on the counsel of record.


Respectfully submitted,


*/s/ Theodore J. Boutrous, Jr.*