IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NEW YORK TIMES COMPANY, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>DEPARTMENT OF DEFENSE a/k/a DEPARTMENT OF WAR, et al.<br><br>*Defendants*. | Civil Case No. 25-cv-04218 (PLF) |

**PLAINTIFFS' [PROPOSED] ORDER**

Upon consideration of the Motion for Summary Judgment filed by Plaintiffs The New York Times Company ("The Times") and Julian E. Barnes ("Barnes"), ECF No. 10, the Cross-Motion for Summary Judgment filed by Defendants Department of Defense a/k/a Department of War, (the "Department"), Pete Hegseth in his official capacity as Secretary of Defense, and Sean Parnell, in his official capacity as Chief Pentagon Spokesman, ECF No. 22, all memoranda, declarations, and exhibits submitted in support of or in opposition to each motion, oral argument on said motions, and the entire record herein, for the reasons set forth in the accompanying Memorandum Opinion, it is hereby—

**ORDERED** that Plaintiffs' Motion for Summary Judgment, ECF No. 10, is **GRANTED**.

It is further **ORDERED** that Defendants' Cross-Motion for Summary Judgment, ECF No. 22, is **DENIED**.

It is **DECLARED** that portions of the policy pertaining to Pentagon Facility Alternate Credentials ("PFACs") that was promulgated by the Department on October 6, 2025 in a

Memorandum for Senior Pentagon Leadership entitled "Implementation of New Media In-Brief," Joint Appendix ("JA") at NYTIMES-DOW-25cv04218-0000001– 21 (hereinafter, the "Policy") (hereinafter, the "Challenged Provisions") are unlawful because they violate the First and Fifth Amendments to the United States Constitution . The Challenged Provisions, which are stricken in the redlined version of the Policy attached as Addendum A hereto, are the following:

- The following sentence in Paragraph 1 of the "Pentagon Reservation In-Brief for Media Members ("In-Brief"): "Failure to abide by these rules may result in suspension of your PFAC and loss of access."  JA at NYTIMES-DOW-25cv04218-0000003.

- The first paragraph and following sentence of the In-Brief section entitled "General Security": "This framework establishes that access is not open to the public or the press as a matter of right but is instead a controlled privilege.  JA at NYTIMES-DOW-25cv04218-0000003.

- The final three paragraphs of the In-Brief section entitled "Public Release of DoW Information and the Protection of Classified National Security Information and Controlled Unclassified Information."  JA at NYTIMES-DOW-25cv04218-0000006.

- The following phrase found in both the second and third paragraphs of the In-Brief section entitled "PFAC Issuance and Renewals": ". . . and who have not posed a security or safety risk to DoW personnel or property. . . ."  JA at NYTIMES-DOW-25cv04218-0000007.

- The following phrase as it appears in both Paragraph 2 and Paragraph 3, as well as the final paragraph save its last sentence, of the In-Brief section entitled "PFAC Issuance and Renewals": "and who have not posed a security or safety risk to DoW personnel or property." JA at NYTIMES-DOW-25cv04218-0000008.

- The In-Brief section entitled "Security Risks" in its entirety. JA at NYTIMES-DOW-25cv04218-0000012–13.

- The "Acknowledgment," JA at NYTIMESDOW-25cv04218-00000014, and the mandate that PFAC holders sign it, *see* JA at NYTIMESDOW-25cv04218-0000001.

- Paragraph A of Appendix A to the In-Brief entitled "Denial, Revocation, or Non-Renewal of Pentagon Facility Alternative Credentials" in its entirety. JA at NYTIMES-DOW-25cv04218-0000015.

- The following two phrases found in Paragraph B of Appendix A to the In-Brief entitled "Procedures for Denial, Revocation, or Non-Renewal": (1) ". . . or suspended for the reasons outlined above . . ."; and (2) ". . . unrelated to any security or safety risk . . . ." JA at NYTIMES-DOW-25cv04218-00000015.

- The following sentence found in subparagraph 6 of Paragraph B of Appendix A to the In-Brief entitled "Procedures for Denial, Revocation, or Non-Renewal": "The Director, PFPA, or designee, shall exercise final review authority in the matter." JA at NYTIMES-DOW-25cv04218-00000016.

It is further **DECLARED** that the Department's promulgation of the Challenged Provisions of the Policy was arbitrary and capricious and therefore unlawful under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A).

It is further **DECLARED** that all actions by Defendants implementing the Challenged Provisions of the Policy are unlawful and that Defendants may not lawfully deny, revoke, suspend or not renew a PFAC pursuant to the Challenged Provisions of the Policy.

It is **ORDERED** that the Challenged Provisions of the Policy, as reflected in Addendum A hereto, are hereby **SET ASIDE** and **VACATED** pursuant to the 5 U.S.C. § 706(2). Such vacatur applies to all regulated parties, not only those formally before the court.

Because Plaintiffs have demonstrated that, as a result of the revocation of their PFACs under the Challenged Provisions of the Policy, they have suffered and are continuing to suffer an irreparable injury, that remedies available at law are inadequate to compensate for that injury, that the balance of hardships favors Plaintiffs and warrants a remedy in equity; and that the public interest would be served by a permanent injunction, it is further **ORDERED** that Defendants and all persons acting in concert with them are permanently **ENJOINED** from implementing or enforcing the Challenged Provisions of the Policy to deny, suspend, revoke, or not renew the PFAC of Barnes or any other person who holds, will hold, or will apply for a PFAC, who is employed by, working on behalf of, or otherwise associated with The Times.

It is further **ORDERED** that Defendants shall immediately reinstate the PFACs of Barnes and the following journalists with The Times, all of whom held a PFAC as of October 6, 2025: Eric Schmitt, Helene Cooper, Greg Jaffe, John Ismay, Carol Rosenberg, and W.J. Hennigan.

It is further **ORDERED** that Defendant shall file a status report within five (5) business days of this Order describing the steps taken to ensure compliance with this Order and certifying compliance with its requirements.

It is further **ORDERED** that this Court shall retain jurisdiction to enforce this Order.

Nothing in this Order is intended to limit the rights of Plaintiffs or any other member of the press to bring any future legal challenge to any policy of the Department governing the issuance, denial, suspension, revocation, or non-renewal of PFACs. Nor does this Order preclude

or limit any future legal challenge to any Department decision to deny, suspend, revoke or not renew an individual PFAC.

    **SO ORDERED**.

Dated: _____

                                            _____
                                            Paul L. Friedman
                                            United States District Judge