UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NEW YORK TIMES COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF DEFENSE a/k/a DEPARTMENT OF WAR, et al., <br><br> Defendants. | Civil Action No. 1:25-cv-04218-PLF |

## DEFENDANTS' NOTICE OF CLARIFICATION REGARDING STATEMENTS AT ORAL ARGUMENT

Defendants the Department of Defense (a/k/a Department of War), Pete Hegseth in his official capacity, and Sean Parnell in his official capacity respectfully submit this Notice to clarify two statements at the hearing on March 6, 2026.

*First*, the Court asked whether the standards in the PFAC Policy are objective. Tr. at 41. Counsel responded that the standards are "more subjective." *Id.* To clarify, the PFAC Policy puts forth an objective standard (whether an individual poses a "security or safety risk to DoW personnel or property," AR-15), guided by enumerated, objective factors (including specific categories of criminal convictions and solicitation of unauthorized disclosures of CNSI or CUI). As explained, the application of this standard may involve considerations that require "expert judgment which frequently must be subjective in nature," exercised within the framework of concrete, published standards. *Sherrill v. Knight*, 569 F.2d 124, 130 (D.C. Cir. 1977).

*Second*, at oral argument, counsel and the Court discussed whether asking a question was a criminal act. Tr. at 46–47. Counsel stated "[i]t's soliciting a criminal act" where it requests

1

disclosure of unauthorized information. *Id.* at 46-47. To clarify when and whether asking a question would be soliciting a criminal act, some Department personnel are authorized to speak to the press and to determine whether and when to disclose CNSI, CUI, or other nonpublic information. These individuals' interactions with the press thus necessarily raise no solicitation concerns, and all press questioning of such individuals is routine, lawful newsgathering. The Policy "do[es] not prohibit … a PFAC holder from engaging in constitutionally protected journalistic activities, such as investigating, reporting, or publishing stories." AR-12.

By contrast, a journalist does solicit the commission of a criminal act, and that solicitation is not protected by the First Amendment, when he or she solicits CNSI, CUI, or other non-public information from individuals who are legally obligated not to disclose that information under the statutes listed in the PFAC Policy. *See* Tr. at 70–71; AR-12 (distinguishing "between lawfully requesting information from the government and actively soliciting or encouraging government employees to break the law."). The PFAC Policy considers whether such actions are "willful" or "unintentional." AR-12. A journalist's conduct may indicate knowledge that the journalist is requesting information from a source who is not authorized to provide that information, for example by offering anonymity and privacy protection to the source in exchange for the information.

Dated: Washington, D.C.

March 12, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director

*/s/ Michael Bruns*
Michael Bruns
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
michael.bruns@usdoj.gov
*Counsel for Defendants*
