UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE NEW YORK TIMES COMPANY, et al., ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 25-04218  (PLF) |
| DEPARTMENT OF DEFENSE, et al., ) ) | |
| Defendants. ) ) | |

## ORDER

For the reasons set forth in the Opinion issued this same day, it is hereby

ORDERED that Plaintiffs' Motion for Summary Judgment [Dkt. No. 10] is GRANTED; it is

FURTHER ORDERED that Defendants' Motion for Summary Judgment [Dkt. No. 22] is DENIED; it is

FURTHER ORDERED that Defendants' request for a seven-day administrative stay is DENIED; it is

DECLARED that portions (the "Challenged Provision") of the policy pertaining to Pentagon Facility Alternate Credentials ("PFACs") that was promulgated by the Department of Defense (the "Department") on October 6, 2025 in a Memorandum for Senior Pentagon Leadership with the subject line "Implementation of New Media In-brief," Administrative Record ("AR") at 1-21 (the "Policy") are unlawful because they violate the First and Fifth Amendments to the United States Constitution.  The Challenged Provisions are the following:

- The following sentence in the first paragraph of the "Pentagon Reservation In-Brief for Media Members ("In-Brief"): "Failure to abide by these rules may result in suspension of your PFAC and loss of access." AR at 3.

- The first paragraph of the In-Brief section entitled "General Security" as well as the following sentence in the second paragraph: "This framework establishes that access is not open to the public or the press as a matter of right but is instead a controlled privilege." AR at 3.

- The final three paragraphs of the In-Brief section entitled "Public Release of DoW Information and the Protection of Classified National Security Information and Controlled Unclassified Information." AR at 6.

- The following phrase found in both the second and third paragraphs of the In-Brief section entitled "PFAC Issuance and Renewals": ". . . and who have not posed a security or safety risk to DoW personnel or property. . . ." AR at 7.

- The final paragraph of the In-Brief section entitled "PFAC Issuance and Renewals," save its last sentence. AR at 8.

- The In-Brief section entitled "Security Risks" in its entirety. AR at 12-13.

- The "Acknowledgment," AR at 14, and the mandate that PFAC holders sign it, AR at 1.

- Paragraph A of Appendix A to the In-Brief entitled "Denial, Revocation, or Non-Renewal of Pentagon Facility Alternative Credentials" in its entirety. AR at 15.

- The following two phrases found in Paragraph B of Appendix A to the In-Brief entitled "Procedures for Denial, Revocation, or Non-Renewal": (1) ". . . or suspended for the reasons outlined above . . ."; and (2) ". . . unrelated to any security or safety risk . . . ." AR at 15.

2

- The following sentence found in subparagraph 6 of Paragraph B of Appendix A to the In-Brief entitled "Procedures for Denial, Revocation, or Non-Renewal": "The Director, PFPA, or designee, shall exercise final review authority in the matter." AR at 16.  It is

FURTHER DECLARED that all actions by Defendants implementing the Challenged Provisions of the Policy are unlawful and that Defendants may not lawfully deny, revoke, suspend, or not renew a PFAC pursuant to the Challenged Provisions of the Policy; it is

FURTHER ORDERED that the Challenged Provisions of the Policy are VACATED and SET ASIDE and that such vacatur applies to all regulated parties; it is

FURTHER ORDERED that Defendants and all persons acting in concert with them are permanently ENJOINED from implementing or enforcing the Challenged Provisions of the Policy to deny, suspend, revoke, or not renew the PFAC of Plaintiff Julian E. Barnes or any other person who holds, will hold, or will apply for a PFAC, who is employed by, working on behalf of, or otherwise associated with The New York Times; it is

FURTHER ORDERED that Defendants shall immediately reinstate the PFACs of Mr. Barnes and the following journalists with The New York Times, all of whom held a PFAC as of October 6, 2025: Eric Schmitt, Helene Cooper, Greg Jaffe, John Ismay, Carol Rosenberg, and W.J. Hennigan; it is

FURTHER ORDERED that Defendants shall file a status report on or before March 27, 2026, describing the steps taken to ensure compliance with this Order and certifying compliance with its requirements; and it is

FURTHER ORDERED that this Court shall retain jurisdiction to enforce this Order.

This is a final appealable order. See FED. R. APP. P. 4(a).

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE:  3|20|26

4