**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

THE NEW YORK TIMES COMPANY, *et al.*

                     *Plaintiffs,*

       v.

DEPARTMENT OF DEFENSE A/K/A
DEPARTMENT OF WAR,
*et al.*,
                     *Defendants.*

</td><td>

Civil Case No. 25-cv-04218 (PLF)

</td></tr>
</table>

## MOTION FOR LEAVE TO FILE A POST-HEARING BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH THE COURT'S ORDER

Plaintiffs The New York Times Company ("The Times") and Julian E. Barnes respectfully move for leave to file a post-hearing brief in support of their Motion to Compel Compliance with the Court's Order.  Plaintiffs' post-hearing brief addresses three developments that post-date the hearing on their Motion:  the Supplemental Declaration of Joel Manuel Valdez, the Supreme Court's recent decision in *Chiles v. Salazar*, No. 24-539, 607 U.S. ___ (Mar. 31, 2026), and the recent decision in *National Public Radio, Inc.*, *et al. v. Donald J. Trump*, No. 25-cv-01674-RDM (Mar. 31, 2026).

1.       "The decision to grant or deny leave [to file a supplemental filing] is committed to the sound discretion of the Court." *Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014) (quotation marks omitted).  In determining whether to grant leave, a "court should consider whether [a prior filing] in fact raises arguments or issues for the first time, whether the . . . proposed [supplemental filing] would be helpful to the resolution of the pending motion, and whether the [other party] would be unduly prejudiced were leave to be granted." *Banner Health v. Sebelius*,

905 F. Supp. 2d 174, 187 (D.D.C. 2012) (discussing sur-replies).  Here, each of those factors favors granting Plaintiffs' request to file a post-hearing brief.

2.      *First*, the Supplemental Declaration of Joel Manuel Valdez unquestionably raises several issues for the first time.  It adds language nowhere found in the Interim Policy and purports to interpret it in ways that are either inconsistent with or not apparent from the face of the policy itself.  Plaintiffs therefore have no choice but to respond in real time to the Department's ever-changing explanations.  In addition, two significant decisions addressing a topic at the heart of this litigation—viewpoint discrimination—were issued within the last twenty-four hours.  Necessarily, Plaintiffs could not have discusses those opinions until now.

3.      *Second*, the proposed post-hearing brief would be helpful to the Court's resolution of the pending motion.  As an initial matter, it responds to the Department's explanations, and details why and how the Department is continuing to violate this Court's order and injunction. Plaintiffs' post-hearing brief is also accompanied by a Supplemental Declaration from Mr. Barnes that both responds to incorrect assertions made by Mr. Valdez and provides additional facts from the past two days that further illustrate the Interim Policy's burdens and the extent to which it continues to deny reporters the access required by this Court's order and injunction.  The post-hearing brief also indicates how *Chiles* and *NPR* relate to this Court's ruling and underscore the impropriety of the Department's actions.

4.      *Third*, any prejudice the Department might claim is prejudice of its own making.  It is the Department that continues to make representations to this Court that are both inconsistent with the facts and public statements made by its own representatives.  It is the Department that has offered changing explanations and purported rationales at every turn.  And it is the Department that has defied the Court's ruling.  The Department has left Plaintiffs no choice but to respond.  In

addition, the Department cannot be prejudiced by a demonstration of binding precedent's application here, or by citation to the decision of another judge of this Court that addresses viewpoint discrimination.

5.    Pursuant to LCvR 7(m), on April 2, 2026, counsel for Plaintiffs conferred with counsel Defendants.  Defendants consent to the filing of this brief, provided that they be allowed to file a responsive brief of up to five pages by April 7, 2026.  Counsel for Plaintiffs indicated that Plaintiffs agree to Defendants' filing of a response but asked that any such response be filed by April 3, 2026.  Defendants responded that they could not agree to that timetable in light of unavailability due to Good Friday and Passover observances.  Accordingly, Plaintiffs are filing this motion as a non-consent motion.

6.    For the foregoing reasons, Plaintiffs respectfully ask that this Court grant Plaintiffs' Motion for Leave to File a Post-Hearing Brief.

Dated: April 2, 2026

Respectfully submitted,

*/s/ Theodore J. Boutrous, Jr.*
Theodore J. Boutrous, Jr. (D.D.C. Bar No. 420440)
Katie Townsend (D.D.C. Bar No. 1026115)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
TBoutrous@gibsondunn.com
KTownsend@gibsondunn.com

Lee R. Crain (D.D.C. Bar No. NY0337)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
LCrain@gibsondunn.com

Susan M. Pelletier*
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, NW
Washington, DC 20036-5306
(202) 955-8500
SPelletier@gibsondunn.com
*admitted pro hac vice*

*Counsel for Plaintiffs The New York Times Company and Julian E. Barnes.*

4