IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE NEW YORK TIMES COMPANY, et al.

*Plaintiffs*,

v.

DEPARTMENT OF DEFENSE A/K/A
DEPARTMENT OF WAR, et al.

*Defendants*.

Civil Case No. 25-cv-04218 (PLF)

**PLAINTIFFS' [PROPOSED] ORDER**

Upon consideration of the Motion to Compel Compliance with the Court's Order filed by Plaintiffs The New York Times Company ("The Times") and Julian E. Barnes ("Barnes"), ECF No. 37, the Response filed by Defendants Department of Defense a/k/a Department of War (the "Department"), Pete Hegseth in his official capacity as Secretary of Defense, and Sean Parnell in his official capacity as Chief Pentagon Spokesman, ECF No. 41, the Reply filed by The Times and Barnes, ECF No. 44, and all memoranda, declarations, and exhibits submitted in support of or in opposition to the motion, oral argument on the motion, and the entire record herein, for the reasons set forth in the accompanying Memorandum Opinion—

It is **ORDERED** that Plaintiffs' Motion to Compel Compliance with the Court's Order, ECF No. 37, is **GRANTED**.

It is **DECLARED** that by adopting and enforcing portions of the Department's interim policy pertaining to Pentagon Facility Alternate Credentials ("PFACs") that was adopted by the Department on March 23, 2026 in a Memorandum for Senior Pentagon Leadership entitled

"Implementation of Revised Media In-Brief," ECF 37, Ex. 2 (hereinafter, the "Interim Policy"), Defendants are in violation of the Order this Court issued on March 20, 2026, ECF No. 34. The violation encompasses adoption and enforcement of the following provisions:

- The entire four-paragraph section at pp. 10–11 of the In-Brief, in full and including the list of so-called "safe harbors," that begins with the words "Intentional Inducement of Unauthorized Disclosure."

- The language in the last paragraph of p. 12 of the In-Brief (under "Appendix A") that includes "inducement of unauthorized disclosure as defined in the 'Standards for PFAC Determinations' section of this in-brief'" as a "[c]onduct-[b]ased [g]round" for PFAC revocation, denial, or non-renewal.

- The prohibition on any unescorted access to the Pentagon for PFAC-holders that is not pre-approved by the Department that was implemented in response to the Court's Order of March 20, 2026.

Imposing these standards and restrictions on access to the Pentagon for PFAC holders constitutes continued implementation and enforcement of those provisions of the Department's prior PFAC Policy that this Court vacated and that it enjoined the Defendants from enforcing against Mr. Barnes and persons who hold, will hold, or will apply for a PFAC, who are employed by, working on behalf of, or otherwise associated with The Times.

It is **ORDERED** that, pursuant to the Court's Order and Opinion of March 20, 2026, Defendants and all persons acting in concert with them are permanently **ENJOINED** from enforcing the provisions listed above against Mr. Barnes or any persons who hold, will hold, or will apply for a PFAC, who are employed by, working on behalf of, or otherwise associated with The Times.

It is **DECLARED** that, by continuing to impose restrictions on the ability of PFAC holders to engage in the routine, lawful journalistic activity of asking questions, the Department is in violation of the Court's Order.

It is **ORDERED** that, pursuant to the Court's Order and Opinion of March 20, 2026, Defendants are **ENJOINED** from taking any action to rescind or revoke a PFAC or deny an application for a PFAC from Barnes or any person who holds, will hold, or will apply for a PFAC, who is employed by, working on behalf of, or otherwise associated with The Times, on the basis that the individual solicited information of any type from a source, absent leave from this Court on a motion to show cause that such action would be consistent with this Court's Orders.

It is further **DECLARED** that, by imposing restrictions on PFAC holders that forbid them from entering the main Pentagon building without prior approval and an escort, the Department has failed to reinstate the PFACs of Barnes and the following journalists with The Times: Eric Schmitt, Helene Cooper, Greg Jaffe, John Ismay, Carol Rosenberg, and W.J. Hennigan, as ordered by this Court. Defendants are therefore **DECLARED** to be in further violation of this Court's March 20, 2026 Order.

It is further **ORDERED** that, pursuant to the Court's Order and Opinion of March 20, 2026, Defendants shall permit Barnes and any other person who holds, will hold, or will apply for and otherwise qualifies for a PFAC, who is employed by, working on behalf of, or otherwise associated with The Times, to access the Pentagon in a manner commensurate with the access provided to PFAC holders on March 20, 2026, following this Court's Order vacating certain provisions of the prior PFAC Policy. The provisions that Defendants are **ENJOINED** from enforcing by the Court's Order of March 20, 2026 are the following:

- The escort requirements and access limitations set forth at p. 3 of the In-Brief, under the heading "New Media Physical Security Restrictions on the Pentagon Reservation," including all language beginning with "Until the new workspace is operational…" and ending with "[W]hen in the Pentagon, you must remain with your escort at all times."

- The entire section at pp. 4–5 of the In-Brief under the heading "Escort Privileges and Procedures."

It is further **ORDERED** that Defendant shall file a status report within five business days of this Order describing the steps taken to ensure compliance with this Order and certifying compliance with its requirements.

It is further **ORDERED** that this Court shall retain jurisdiction to enforce this Order.

Nothing in this Order is intended to limit the rights of Plaintiffs or any other member of the press to bring any future legal challenge to any policy of the Department governing the issuance, denial, suspension, revocation, or non-renewal of PFACs.  Nor does this Order preclude or limit any future legal challenge to any Department decision to deny, suspend, revoke or not renew an individual PFAC.

      **SO ORDERED**.

Dated: _____

_____
Paul L. Friedman
United States District Judge