UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE NEW YORK TIMES COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF DEFENSE, et al. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 25-04218 (PLF) |

ORDER

For the reasons set forth in the Opinion issued this same day, it is hereby

ORDERED that Plaintiffs' Motion to Compel Compliance with the Court's Order [Dkt. No. 37] is GRANTED; it is

DECLARED that by adopting and enforcing portions of the policy pertaining to Pentagon Facility Alternate Credentials ("PFACs") that was promulgated by the Department of Defense (the "Department") on March 23, 2026 in a Memorandum for Senior Pentagon Leadership with the subject line "Implementation of Revised Media In-Brief" (the "Interim Policy") [Dkt. No. 37-2], Defendants are in violation of the Order this Court issued on March 20, 2026 [Dkt. No. 34]. The violation encompasses adoption and enforcement of the following provisions:

- The entire four-paragraph section at pages 10-11 of the In-Brief, in full and including the list of so-called "safe harbors," that begins with the words "Intentional Inducement of Unauthorized Disclosure."

- The language in the last paragraph of page 12 of the In-Brief (under "Appendix A") that includes "inducement of unauthorized disclosure as defined in the 'Standards for PFAC Determinations' section of this in-brief'" as a "[c]onduct-[b]ased [g]round" for PFAC revocation, denial, or non-renewal.

- The escort requirements and access limitations set forth at pages 2-3 of the In-Brief, under the heading "New Media Physical Security Restrictions on the Pentagon Reservation," including all language beginning with, "Until the new workspace is operational . . ." and ending with, "When in the Pentagon, you must remain with your escort at all times."

- The entire section at pages 4-5 of the In-Brief under the heading "Escort Privileges and Procedures."

Imposing these standards and restrictions on access to the Pentagon for PFAC holders constitutes continued implementation and enforcement of those provisions of the Department's prior PFAC Policy that this Court vacated and that it enjoined the Defendants from enforcing against Julian E. Barnes and persons who hold, will hold, or will apply for a PFAC, who are employed by, working on behalf of, or otherwise associated with The New York Times. It is

FURTHER DECLARED that, by continuing to impose restrictions on the ability of PFAC holders to engage in the routine, lawful journalistic activity of asking questions, Defendants are in violation of the Court's Order; it is

FURTHER DECLARED that, by imposing restrictions on PFAC holders that forbid them from entering the main Pentagon building without prior approval and an escort, Defendants have failed to reinstate the PFACs of Julian E. Barnes and the following journalists with The New York Times: Eric Schmitt, Helene Cooper, Greg Jaffe, John Ismay, Carol

2

Rosenberg, and W.J. Hennigan, as ordered by this Court; it is

FURTHER ORDERED that, pursuant to the Court's Order and Opinion of March 20, 2026, Defendants and all persons acting in concert with them are permanently ENJOINED from enforcing the provisions listed above against Julian E. Barnes or any persons who hold, will hold, or will apply for a PFAC, who are employed by, working on behalf of, or otherwise associated with The New York Times; it is

FURTHER ORDERED that, pursuant to the Court's Order and Opinion of March 20, 2026, Defendants shall permit Julian E. Barnes and any other person who holds, will hold, or will apply for and otherwise qualifies for a PFAC, who is employed by, working on behalf of, or otherwise associated with The New York Times, to access the Pentagon in a manner commensurate with the access provided to PFAC holders on March 20, 2026, following this Court's Order vacating certain provisions of the prior PFAC Policy; it is

FURTHER ORDERED that Defendants shall file a status report on or before April 16, 2026, accompanied by an affidavit or declaration by a Department official with personal knowledge, describing the steps taken to ensure compliance with this Order and certifying compliance with its requirements; and it is

FURTHER ORDERED that this Court shall retain jurisdiction to enforce this Order.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 4|9|26

3